UNITED STATES of America,
Plaintiff—Appellee,

v.

Zlatko HRISTOV, Defendant—
Appellant.

No. 03–10179.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Jan. 27, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

**700**

---

Gregory J. Damm, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff-Appellee.

Roger W. Wenthe, Las Vegas, NV, Larry R. Glazer, Los Angeles, CA, for Defendant-Appellant.

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM **

This case concerns the government's prosecution of Zlatko Hristov for marriage fraud in violation of United States laws, and Hristov's post-acquittal request for attorney's fees under the Hyde Amendment, Pub.L. No. 105–119, Title VI, § 617, 111 Stat. 2440, 2159, codified at 18 U.S.C. § 3006A, Statutory Notes. In a separate opinion we address the question of law presented by Hristov's incomplete motion for attorney's fees. In this memorandum disposition, we affirm the district court's denial of attorney's fees on the merits.

We review the district court's decision to deny fees under the Hyde Amendment for abuse of discretion. *United States v. Danielson,* 325 F.3d 1054, 1076 (9th Cir.2003). In order to be awarded fees under the Hyde Amendment, Hristov must prove that the government's prosecution was vexatious, frivolous, or in bad faith. *See United States v. Manchester Farming P'ship,* 315 F.3d 1176, 1182 (9th Cir.2003). The district court did not abuse its discretion when it concluded that Hristov could not make these showings.

Some of the allegations in Hristov's motion involve minor contradictions in witness testimony. These may have led to Hristov's acquittal, but on their own these inconsistencies do not amount to frivolous, bad faith, or vexatious prosecution. *See United States v. True,* 250 F.3d 410, 423–24 (6th Cir.2001) (pointing out that inconsistencies may have led to acquittal, but recognizing that "acquittal alone is not the standard for an award under the Hyde Amendment"). Other allegations, such as the government's rapid filing of an indictment to avoid the statute of limitations, are well within the government's discre-

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion, and not reflective of ill-intentioned prosecution. Similarly, minor violations of a discovery order hardly could be said to meet the required standard.

Hristov urges that the civil action he filed against the government's chosen investigator led to retaliatory prosecution against him. In *Manchester Farming*, "[t]he fact that the Government pursued an investigation based on a vengeful tipster [was] not dispositive" to a Hyde Amendment claim; here, Hristov's legal action against the investigator similarly does not establish that the prosecution was vexatious. 315 F.3d at 1182.

Hristov's contention that the marriage fraud prosecution was frivolous also lacks merit, as he urges without legal support that the government knew a conviction under 18 U.S.C. § 1001 would be impossible because Hristov did not present the full extent of the alleged marriage fraud cover-up during his adjustment interview. As the magistrate judge noted when Hristov made essentially the same argument in a motion to dismiss, whether Hristov took an affirmative action to conceal a material fact was a question of fact for the jury, not a question of law. Although the legality of Hristov's conduct presented a jury question, this does not render his prosecution frivolous.

Throughout trial and during pre-trial motions, Hristov raised most of his arguments regarding retaliatory prosecution, the insufficiency of evidence against him, and discovery violations. Given its familiarity with the case and most of Hristov's arguments, the court could rule without further hearing on his motion. The court was well within its discretion to deny attorney's fees.

AFFIRMED.